WILLIAM L. JONES *vs.* ALBERT M. FAMIGLIETTI *et al., d.b.a.* V. N. FAMIGLIETTI Co.

ELLA V. JONES *vs.* SAME.

MAY 10, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   These two actions of trespass on the case for negligence, brought by husband and wife respectively, were tried together in the superior court to a jury, which returned a verdict in favor of the husband for $300 and one in favor of the wife for $1000.   Thereafter the defendants moved, on the usual grounds, for a new trial in each case, and the trial justice granted both motions.   Each plaintiff thereupon duly prosecuted a bill of exceptions to this court, and each case is now before us on the single exception to the above decision of the trial justice.

It appears from the evidence that about 8 o'clock p. m., on the evening of December 6, 1937, the plaintiff William L. Jones was driving his automobile on Wannamoisett avenue in East Providence.   With him on the front seat of the automobile was his wife.   It was then raining very heavily and had been so doing since midafternoon.   When he was about ten or fifteen feet from the intersection of that avenue with

Pawtucket avenue, into which he intended to turn, the headlights of his car disclosed a mounded condition of the surface of Wannamoisett avenue extending across that street at the intersection, such condition obviously being caused by the filling in of an excavation, and he thereupon stopped his car. There were no lights, barriers, or warnings of any kind at this point. He then started his car and proceeded slowly in order to cross the filled-in part of the highway, but as soon as the front wheels of his automobile reached the mounded portion of the highway they sank deeply into mud, the front bumper, however, resting on solid ground. As a result of this occurrence the automobile was damaged and the two plaintiffs injured by being suddenly thrown forward inside of the car.

The evidence also showed that the defendants, for several days, had been excavating, at the point where the accident occurred and in other portions of the highways in the immediate neighborhood, for the telephone company in connection with the laying by it of underground conduits, and that about where the accident happened a deep and rectangular-shaped excavation had been made for the purpose of installing a manhole.

Evidence introduced on behalf of the plaintiffs tended to show that about five minutes after the accident had happened Mr. Famiglietti appeared and told Mr. Jones that everything would be taken care of, and that arrangements were made by them to obtain a tow car in order to extricate the automobile from its position in the filled-in excavation. According to the plaintiffs' evidence, Mr. Famiglietti at this time stated, in substance, that he had done some work in filling in the place in question during that afternoon; that he had come to "have a look at it to make sure everything was safe"; and that the soil there was dry and absorbed water, thus probably causing the excavation to be in the condition it was in at the time of the accident. The making

of parts of this alleged statement was denied by Mr. Famiglietti.

Evidence for the defendants tended to show that the excavation in question had been properly filled in and tamped down two or three days before December 6 with the same earth which had been taken out, and that traffic had been passing over the filled excavation up to the time of this accident without apparent difficulty. There was also evidence that about 4 p. m. on the afternoon of December 6, before leaving, Mr. Famiglietti and his foreman looked at the filling at the place where the accident happened; that conditions appeared satisfactory; and that a little dirt was added to the fill and was tamped down by running a truck back and forth over it.

Mr. Famiglietti explained his presence at the scene of the accident by testifying that, because of the heavy rain and the high wind, he was worried about certain flares and barriers which had been placed around a stretch of open trench, dug by the defendants, on Pawtucket avenue about three hundred feet from the intersection in question; that he went to see whether or not the flares were burning and the barriers were in place; and that on his way home he came to the intersection, observed Mr. Jones' car in the position hereinbefore described, and attempted to help him.

Each case was submitted to the jury upon the second count of the declaration only. This count alleged, in substance, that the defendants were guilty of negligence in that they had left the excavation in question in an unsafe and dangerous condition, and that they negligently had failed to place any signs, lights or other structures to warn the plaintiff, who was lawfully upon the highway, of the dangerous condition of such excavation.

The plaintiffs contend that the verdicts of the jury, on the issue submitted, are supported by a preponderance of

the evidence; that the trial justice was clearly wrong in granting the defendants' motions for new trials; and, in particular, that the instant cases are governed by the hold-, ing in *Anderson* v. *Johnson*, 59 R. I. 241, in that the trial justice here also misconceived and overlooked evidence in making his decision and, therefore, that such decision should not be given the weight to which it would otherwise be entitled.

We are unable to agree with these contentions. The trial justice, in deciding the defendants' motions for new trials, apparently attempted to perform his duty in that connection. He referred in some detail to the credibility of several of the witnesses, both for the plaintiffs and for the defendants. He weighed the evidence, finding that, in his opinion, it showed that the excavation in question had been filled in a proper and workmanlike manner at least two days before December 6; that it had been traveled over; and that there was no apparent reason for believing that danger might result to one crossing it. He also found that the evidence showed that, at the time of the accident, the filled excavation was in an unsafe and dangerous condition; but that the preponderance of the evidence did not support the plaintiffs' contention that such condition was known or, in the exercise of reasonable care, should have been known to the defendants, and that they failed, for a reasonable time thereafter, to erect barriers as a warning to persons using the highway. He held, therefore, that the verdicts that the defendants were guilty of the specific negligence charged in the count submitted to the jury were contrary to the great weight of the evidence.

The plaintiffs contend that a statement made by the trial justice, when he decided the motions for new trials, showed that he had overlooked or misconceived material evidence. This statement was to the effect that the plaintiffs had failed to offer any evidence from which the jury

could find negligence on the part of the defendants in connection with the plaintiffs' claim that the defendants had knowledge or, in the exercise of due care, should have had knowledge of the dangerous condition of the excavation, and thus have erected barriers.

In our judgment such a contention cannot fairly be based on the statement in question. The plaintiffs separate it from the remainder of the decision of the trial justice, and then construe the statement literally. However, such decision must be considered as a whole and, when so considered, in our opinion, shows that he did not overlook or misconceive any material evidence. In fact, when he made the statement, he had just reviewed and weighed the evidence in the case, and was reaching the conclusion that, in his judgment, the preponderance of the evidence did not support the plaintiffs' contention that the defendants knew or, in the exercise of due care, should have known of the dangerous condition of the excavation. We understand his statement, therefore, as referring to a lack of direct evidence, or to an insufficiency of the evidence, rather than to an entire absence of any evidence, on the issue in question. It may be noted that the plaintiffs' evidence on this point consisted largely of such inferences as might reasonably be drawn from the conduct and statements of Mr. Famiglietti and from his general knowledge of the whole situation.

Viewing the statement and the entire decision of the trial justice in this light, the instant cases come within the well-established rules dealing with the matter of motions for new trials as set out in *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180, and do not fall within the scope of the decision in *Anderson* v. *Johnson, supra*. Upon consideration, therefore, we cannot say that the decision of the trial justice in granting the defendants' motions for new trials was clearly wrong.

The plaintiff's exception in each case is therefore overruled, and each case is remitted to the superior court for a new trial.

*Haslam, Arnold & Sumpter, W. Vincent Sumpter, Harry A. Tuell,* for plaintiffs.

*Clifford A. Kingsley, Francis V. Reynolds, Hailes L. Palmer,* for defendant.